Bronson, J. dissenting.
As the demand was made after the writ had been delivered to the sheriff to be served, it goes for nothing,(b) and the plaintiff must rely on the original trespass in taking the property. The question then is, whether replevin in the detinet will lie for a tortious taking. The action of detinue has been abolished, and the action of replevin has been extended to cases where the goods are “ wrongfully detained.” (2 R. S. 553, § 15, and p. 522, § 1.) But the statute requires that the distinction between the common law action of replevin for a wrongful taking, and the substituted remedy for the old action of detinue should be kept up in the writ and pleadings. (Id. p. 528, § 36, 39, 40.)
At the common law, detinue lies where the defendant wrongfully detains goods which came lawfully to his possession, as by delivery or finding. The plaintiff must have either an absolute or special property in the goods at the time the action is brought; and it was laid down by Brian, Ch. J. so long ago as the year-book, (6 H. 7. 9,) that detinue will not lie where the defendant took the goods tortiously ; for by the trespass the property of the plaintiff is divested. The soundness of this reasoning has been very justly questioned in the modern books 5 but the doctrine that detinue will not lie in such a case seems not to have been overruled. The gist of the action is the wrongful detention; and, as a question of pleading, the delivery or finding laid in the declaration is said to be mere, matter of .inducement, and not traversable. Still, I find no adjudged case in the English courts where detinue has been *286 maintained upon a tortious taking. Some of the books directly affirm that the action will not lie, and others impliedly admit the same doctrine. (F. N. B. 138 ; Co. Litt. 286, b. ; Vin. Abr., tit. Detinue, (B.) and (B. 2 ;) Com. Dig., tit. Detinue, (D. ;) Bac. Abr., tit. Detinue, p. 661, and 664, (C.) 7th Lond, ed. ; 3 Black. Com. 151 ; Bull. N. P. 49, 51 ; 1 Selw. N. P. (Wheat.) 664—7 ; 2 Leigh’s N. P. 782 ; Bateman v. Elman, Cro. Eliz. 866 ; Gledstane v. Hewitt, 1 Cromp. & Jer. 565 ; Walker v. Jones, 2 Cromp. & Mees. 672 ; 4 Tyr. 915, S. C. ; 1 Chit. Plead. 139,140, ed. of '37 ; and see Kettle v. Bromsall, Wittes’ P.118 ; Bishop v. Montague, Cro. Eliz. 824 ; Dalston v. Janson, 5 Mod. 90.) It was said in JIPPs v. Graham, (4 Bos. 4r PmP. 140,) that detinue would lie where the goods came to the defendant’s possession by wrong ; but in that case -the property was actually .delivered to the defendant by the plaintiff, though under a contract which was invalid in consequence of the defendant’s infancy. In Johnston v. Pasteur, (Cam. & Norw. Rep. 464,) it was held, that the action would lie without regard to the manner in which the defendant got possession ; but it was admitted that this was a departure from the common law rule. In Holbrook v. Wight, (24 Wend. 169,) the goods came lawfully to the defendant’s possession.
As the plaintiff may have replevin in the cepit, as well as trespass and trover, for the injury of which he complains, there seems to be no good reason for extending the remedy by replevin in the detinet to the case of a tortious taking. I think the nonsuit was properly ordered.
New trial granted.,

 Whether this would be so where the writ is delivered with express instructions to the officer not to serve it until after demand, and the officer acts acrordingly, pure. (See 1 Hill, 120, note (a) and the case there cited.)